## James M. BISHOP

### v.

### TENNESSEE DEPT. OF CORRECTION.

Court of Appeals of Tennessee,
Middle Section,
at Nashville.

Dec. 14, 1994.

Permission to Appeal Denied by Supreme Court March 20, 1995.

*OPINION*

LEWIS, Judge.

Petitioner/appellant James M. Bishop, pro se, is a prisoner in the custody of the Tennessee Department of Correction (Department). Petitioner is incarcerated at the Lake County Regional Correctional Facility.

Petitioner filed a petition seeking a declaratory order pursuant to the Uniform Administrative Procedures Act, Tennessee Code Annotated sections 4–5–223, 4–5–224, 4–5–322 and 4–5–323. It is petitioner's contention that the respondent/appellee miscalculated his sentence credits by increasing his parole eligibility date by 20% after the Department of Correction Disciplinary Board found him guilty of non-violent escape from a minimum security work release center.

The trial court dismissed the petition for declaratory judgment for lack of subject matter jurisdiction because of the petitioner's failure to timely file his petition.

Petitioner filed a petition for a declaratory order with the Department pursuant to Tennessee Code Annotated section 4–5–223 on 7 October 1993. Petitioner alleged that he "walked away" from the Nashville Community Service Center. The petition further stated that the petitioner had entered a guilty plea to escape in the Davidson County Criminal Court on 30 April 1992. Petitioner entered the guilty plea to the disciplinary offense of escape in a Department disciplinary proceeding, and under the regulations of the Department, he alleged his release eligibility date was increased by 20%. It was, and still remains, the petitioner's insistence that he should have been found guilty of "breach of trust" rather than "escape" under the Department policy that became effective on 1 October 1992.

On 12 November 1993, the Department notified petitioner that it had considered his petition for declaratory order and that the petition was denied because "A records check reveals that the offense date is 11/3/89 for the felony escape ... thus the policy [listing breach of trust as an offense] was not in effect ..."

On 16 February 1994 petitioner filed the instant petition seeking a declaratory judgment in the Chancery Court for Davidson County. Petitioner sought to have the Chancery Court:

> [I]ssue an order to the Tennessee Department of Correction to reverse, vacate and set aside and to correct the Petitioner's original sentence percentage back to the way it was before the Tennessee Department of Correction added the extra twenty [percent] (20%) to the Petitioner's original sentence percentage for the Department's disciplinary offense of escape.

The Department then moved to dismiss the petition asserting that the Chancery Court lacked subject matter jurisdiction. In May 1994 the Chancery Court filed a Memorandum and Order granting the Department's motion to dismiss stating in part:

> The plaintiff's petition is dismissed for lack of jurisdiction because it was filed more than sixty (60) days after the decision of the Department of Correction Disciplinary Board. Tennessee Code Anno-

tated § 4–5–322(b)(1) provides that a petition for a declaratory order must be filed within sixty (60) days from the entry of the order or judgment which is the basis of the petitioner's complaint. The failure to file within the statutory time limit results in the [Department's] decision becoming final, and deprives the Chancery Court of jurisdiction.

The petitioner has appealed asserting that the Chancery Court erred in dismissing his petition for lack of jurisdiction.

█ An "aggrieved" person must file a petition for declaratory judgment to review the agency's order complained of within sixty (60) days "after the entry of the agency's final order." Tenn.Code Ann. § 4–5–322(b)(1) (1991). In the instant case, the agency's final order was dated 12 November 1993. The petition seeking review of that order was not filed until 16 February 1994, more than sixty (60) days after the entry of the agency's final order. The sixty (60) day time limit is a jurisdictional prerequisite to obtain a review of an agency's decision. *See, e.g., Wheeler v. City of Memphis,* 685 S.W.2d 4, 6 (Tenn.App.1984).

This time requirement is analogous to that in Rule 4 of the Tennessee Rules of Appellate Procedure. The courts of this State, relying on *United States v. Robinson,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), and other cases that have interpreted the comparable federal rule, have held that the rule is mandatory and jurisdictional. *See, e.g., State v. Williams,* 603 S.W.2d 157, 157–58 (Tenn.Crim.App.1980); *John Barb, Inc. v. Underwriters at Lloyds of London,* 653 S.W.2d 422 (Tenn.App.1983). While Tennessee Rule of Appellate Procedure 4 was amended in 1983 and the time limit is no longer jurisdictional in criminal cases, it remains jurisdictional in civil cases. *Jefferson v. Pneumo Serv. Corp.,* 699 S.W.2d 181, 184 (Tenn.App.1985). In this instance the petition is in the nature of a civil action.

The burden is on the petitioner to show that subject matter jurisdiction existed. He failed to do so.

The trial court correctly dismissed the petition. The judgment of the trial court is therefore affirmed with the costs assessed to the petitioner. The cause is remanded to the trial court for the enforcement of its judgment and any further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.