# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

SAMUEL TYRONE BRYANT,  )
)
    Plaintiff/Appellant,  )
)    Davidson Chancery
)    No. 95-710-III
VS.  )
)    Appeal No.
)    01A01-9509-CH-00398
MICHAEL C. GREENE,  )
Commissioner of the Tennessee  )
Department of Safety,  )
)
    Defendant/Appellee.  )

**FILED**

April 11, 1997

Cecil W. Crowson
Appellate Court Clerk

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

For the Plaintiff/Appellant:

Francis X. Santore, Jr.
SANTORE AND SANTORE
Greeneville, Tennessee

For the Defendant/Appellee:

Charles W. Burson
Attorney General and Reporter

Rebecca Lyford
Assistant Attorney General

**AFFIRMED AND REMANDED**

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal involves the forfeiture of an automobile under the Tennessee Drug Control Act. The automobile's owner filed a petition for judicial review of the forfeiture order in the Chancery Court for Davidson County, asserting that the forfeiture proceeding was unconstitutional because he did not receive a notice of seizure or a copy of the department's forfeiture order. The trial court dismissed the petition because it was not timely filed. We affirm.

On May 5, 1994, Samuel Bryant was driving several children to a local skating rink when he was pulled over by two members of the First Judicial Circuit Drug Task Force. After searching Mr. Bryant's 1985 Nissan Maxima, the officers arrested Mr. Bryant on charges of evading arrest, child neglect, and driving on a revoked license. After they arrived at the jail, one of the arresting officers informed Mr. Bryant that his car was subject to forfeiture because the authorities had found three tenths of a gram of crack cocaine in it.

What transpired after this point is disputed. The officer asserted that he gave Mr. Bryant the required notice of seizure form and that Mr. Bryant refused to sign the acknowledgment on the form that he had received it. Mr. Bryant, who claims to be functionally illiterate, maintains that he was never read or shown the form. Mr. Bryant later pleaded guilty to driving on a revoked license and evading arrest but was never charged with possession of the crack cocaine.

Mr. Bryant did not file a timely claim for his automobile, and on August 12, 1994, the Department of Safety entered a final order forfeiting the automobile and a compact disc player. The department mailed a copy of its forfeiture order to Mr. Bryant at the address listed on the notice of seizure,[1] but the letter was later

---

[1]The notice of seizure listed Mr. Bryant's address as "257 W. Market St. Apt. 3." Mr. Bryant asserted in a later affidavit that he actually resided at 257 W. Market Street, Apt. 4. The
(continued...)

returned marked "undeliverable as addressed: forwarding order expired." The department made no other attempts to deliver the notice. Mr. Bryant claims that he did not learn of the forfeiture until October 1994 when he discharged his lawyer and took his file to a new lawyer. The record contains no explanation concerning how a copy of the department's August 12, 1994 order came to be found in Mr. Bryant's former attorney's file. Mr. Bryant and his new lawyer did not filed a petition for judicial review of the August 12, 1994 order until March 7, 1995.

Petitions for judicial review must be filed within sixty days after the entry of the final administrative order. Tenn. Code Ann. § 4-5-322(b)(1) (Supp. 1996). This time limitation is mandatory and jurisdictional. *Bishop v. Tennessee Dep't of Correction,* 896 S.W.2d 557, 558 (Tenn. Ct. App. 1994). Thus, in the absence of an equitable ground similar to those found in Tenn. R. Civ. P. 60.02, the trial court must dismiss untimely petitions for judicial review.

Mr. Bryant attempts to justify his failure to file a timely petition for judicial review by asserting that he is functionally illiterate and that he never received a copy of the notice of procedure or a copy of the Department of Safety's August 12, 1994 forfeiture. The record contains proof that both substantiates and refutes Mr. Bryant's claims. We need not analyze this evidence in detail, however, because Mr. Bryant admits that he had actual notice of the department's forfeiture order by no later than early October 1994 when he and his new lawyer discovered the order in the file obtained from Mr. Bryant's former lawyer. Mr. Bryant offers no explanation for his failure to file a petition for judicial review within sixty days after "discovering" the order. Thus, even if we give Mr. Bryant every benefit of the doubt, his petition for judicial review must still be dismissed because it is untimely.

We affirm the judgment dismissing Mr. Bryant's petition for judicial review and remand the case for whatever further proceedings may be required. We also

---

[1](...continued)
discrepancy in the addresses might be significant in other circumstances, but it is not signifiicant in this case.

tax the costs of this appeal to Samuel Tyrone Bryant for which execution, if necessary, may issue.

_____

WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____

HENRY F. TODD, P.J., M.S.


_____

SAMUEL L. LEWIS, JUDGE