IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 22, 2005

## MAURICE HUGHLEY v. STATE OF TENNESSEE

**Appeal from the Chancery Court for Davidson County**
**No. 03-2074-III      Ellen Hobbs Lyle, Chancellor**

---

**No. M2004-00308-COA-R3-CV - Filed November 17, 2005**

---

Plaintiff appeals the dismissal by the trial court of his action under the Uniform Administrative Procedure Act challenging the calculation of his prison sentence. Holding that his petition to review in the Chancery Court of Davidson County was untimely under Tennessee Code Annotated section 4-5-322(b)(1), the trial court dismissed the action. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Maurice Hughley, Lexington, Kentucky, Pro Se.

Paul G. Summers, Attorney General and Reporter; Aurthur Crownover, II, Sr. Counsel, Civil Rights and Claims Division, for the appellee, State of Tennessee.

### OPINION

Maurice Edward Hughley ("Plaintiff"), dissatisfied with the calculation of his sentence and presumed expiration date by the Department of Corrections ("the Department"), sought a declaratory order under the Administrative Procedures Act ("the Act") which was denied by the Department on March 5, 2003. Under the provisions of Tennessee Code Annotated section 4-5-322(b)(1) petitioner was required to file his petition in Chancery Court within 60 days after the Department's Order of March 5, 2003. This time limitation expired on May 4, 2003. Petitioner did not execute his Chancery Court Petition until July 15, 2003, and did not file same until July 22, 2003.

The same issues raised by Hughley were addressed by this Court in *Bishop v. Tennessee Dept. of Correction*, 896 S.W.2d 557 (Tenn.Ct.App. 1994) in which the Court held that the 60-day time limitation provided in Tennessee Code Annotated section 4-5-322(b)(1) was jurisdictional and that the expiration of the time limit deprived the Court of subject matter jurisdiction. Said the Court:

An "aggrieved" person must file a petition for declaratory judgment to review the agency's order complained of within sixty (60) days "after the entry of the agency's final order." Tenn.Code Ann. § 4-5-322(b)(1) (1991). In the instant case, the agency's final order was dated 12 November 1993. The petition seeking review of that order was not filed until 16 February 1994, more than sixty (60) days after the entry of the agency's final order. The sixty (60) day time limit is a jurisdictional prerequisite to obtain a review of an agency's decision. *See, e.g., Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn.App.1984).

This time requirement is analogous to that in Rule 4 of the Tennessee Rules of Appellate Procedure. The courts of this State, relying on *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), and other cases that have interpreted the comparable federal rule, have held that the rule is mandatory and jurisdictional. *See, e.g., State v. Williams*, 603 S.W.2d 157, 157-58 (Tenn.Crim.App.1980); *John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422 (Tenn.App.1983). While Tennessee Rule of Appellate Procedure 4 was amended in 1983 and the time limit is no longer jurisdictional in criminal cases, it remains jurisdictional in civil cases. *Jefferson v. Pneumo Serv. Corp.*, 699 S.W.2d 181, 184 (Tenn.App.1985). In this instance the petition is in the nature of a civil action.

The burden is on the petitioner to show that subject matter jurisdiction existed. He failed to do so.

*Bishop*, 896 S.W.2d at 558. *See also Davis v. Tennessee Dept. of Employment Sec.*, 23 S.W.3d 304, 307-308 (Tenn.Ct.App.1999).

Plaintiff sought to avoid the 60-day time limitation by asserting a mental disability tolling the statute of limitations under Tennessee Code Annotated section 28-1-106. Plaintiff offers no evidence of mental illness or mental disability. The trial court, in disposing of the disability issue, observed:

In opposition to the motion to dismiss the petitioner asserts that his time for filing the petition was tolled because of an illness and mental disability on his part. The petitioner has filed with the Court numerous exhibits of his medical records and has filed a motion to amend.

The Court has studied the medical records and the proposed amendment to the petition. The Court searched the medical records filed by the petitioner to see if treatment and the petitioner's illness occurred prior to May 5, 2003, the 60-day time limit on filing this lawsuit. The Court's review of the records revealed that the earliest treatment the petitioner received was in June of 2003. The Court, therefore, concludes that the petitioner has failed to demonstrate that he suffered from an illness

or mental disability on or before the date he was required to file the petition in this matter, even if the Court takes into account the matters pled in the amended papers and the exhibits of medical records filed with those amended papers.

Not only are the observations of the trial court borne out by the records submitted by Plaintiff, but the records themselves do not indicate a diagnosis of significant mental disability. The action of the trial court is in all respects affirmed with costs assessed to Appellant, Maurice Hughley.

_____
WILLIAM B. CAIN, JUDGE