IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 20, 2010

## TERRANCE LOWDERMILK  v. TENNESSEE DEPARTMENT OF SAFETY

**Appeal from the Chancery Court for Davidson County**
**No. 09-84-I      Claudia C. Bonnyman, Chancellor**

---

**No. M2010-00417-COA-R3-CV - Filed November 9, 2010**

---

Petitioner filed this petition for judicial review in 2009 to challenge the propriety of the seizure of $5,518 in cash following the Tennessee Bureau of Investigation executing a search warrant on Petitioner's residence in May of 2001. A notice of seizure was served on Petitioner; also a forfeiture warrant was issued and mailed to Petitioner at his residence. The Department of Safety subsequently entered a final administrative order forfeiting the money. When Petitioner filed this action almost eight years later, the trial court dismissed the petition on the ground that it lacked subject matter jurisdiction because the petition was not timely filed. The trial court dismissed the action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Terrance Lowdermilk, Loretto, Pennsylvania, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Troy A. McPeak, Assistant Attorney General, for the appellee, Tennessee Department of Safety.

## OPINION

In May 2001, the Tennessee Bureau of Investigation executed a search warrant on Terrance Lowdermilk ("Petitioner") at his residence, at which time the TBI seized $5,518 in cash. A notice of seizure was served on Petitioner, and on the same day, a forfeiture warrant was issued. The forfeiture warrant was mailed to Petitioner's last known address, the same address where the property was seized. Receipt for the notice was signed by

Petitioner's mother on June 28, 2001. No claim was filed by Petitioner, and, on September 27, 2001, the Department of Safety issued a final administrative order forfeiting the $5,518.00 in cash. Nothing else transpired for more than seven years until this petition was filed.

On January 14, 2009, Petitioner filed a petition for judicial review of the final order issued by the Department of Safety on September 27, 2001, asserting, *inter alia*, that his due process rights were violated.[1] The Department of Safety filed a motion to dismiss for failure to state a claim, followed by a motion to dismiss for lack of subject matter jurisdiction on the ground that the petition was not filed within the applicable time period. On January 22, 2010, the chancery court issued an order dismissing the petition for lack of subject matter jurisdiction. Petitioner appeals.

**ANALYSIS**

Petitioner's property was seized pursuant to Tenn. Code Ann. § § 53-11-201, *et seq.* and 40-33-201, *et seq.*, which governs forfeiture of property for narcotics. Notice of the seizure shall be sent by certified mail to the property owner's last known address with return receipt requested. Tenn. Comp. R. & Regs. 1340-2-2-.06. The person whose property is seized may request a hearing on the seizure of property but the request must be made within thirty days of the issuance of the notice of the forfeiture warrant or the property will be forfeited. Tenn. Code Ann. § 40-33-206(a), (c).

In this action, a forfeiture warrant was issued on May 30, 2001. The return receipt indicates that the notice of the forfeiture warrant was addressed to Petitioner at his residence, 1642 B Lancer Lane in Chattanooga, Tennessee. Petitioner admits in his affidavit this was his residence at that time. The return receipt, which was signed by Norma Smith, Petitioner's mother, was stamped as delivered by the United States Postal Service on "June 28, 2000."[2] The return receipt was also subsequently stamped as received by the Department of Safety on July 2, 2001. Petitioner did not request a hearing and the final order of forfeiture was entered on September 27, 2001. More than seven years passed before Petitioner filed his petition for judicial review in the chancery court.

---

[1]Petitioner contends that other property was seized, however, the order only listed the $5,518 in cash.

[2]The date of delivery stamped on the return receipt by the United States Postal Service read "June 28, 2000"; however, the year was obviously wrong. The trial court correctly concluded that it was delivered on June 28, 2001, as the property was not seized until 2001.

Tenn. Code Ann. § 4-5-322(b)(1)(A) states the petition must be filed within 60 days from the final order's entry. This time limit is jurisdictional and a court cannot review the merits of the case if it is filed outside the appropriate time period. *Bishop v. Tenn. Dept. of Correction*, 896 S.W.2d 557, 558 (Tenn. Ct. App. 1994).

The final order of the Department of Safety forfeiting Petitioner's property was entered on September 21, 2001. Petitioner filed his petition for judicial review on January 14, 2009. Thus, the chancery court properly dismissed the action for lack of subject matter jurisdiction as the petition for judicial review was not timely filed.

## In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Terrance Lowdermilk.

_____
FRANK G. CLEMENT, JR., JUDGE