IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 10, 2016

**JAMES A. FARLEY v. TENNESSEE DEPARTMENT
OF SAFETY AND HOMELAND SECURITY**

**Appeal from the Chancery Court for Davidson County**
**No. 13970II          Carol L. McCoy, Chancellor**

———————————————

**No. M2014-02479-COA-R3-CV – Filed March 29, 2016**

———————————————

This is an appeal from the trial court's dismissal of a petition for judicial review for lack of subject matter jurisdiction. The petitioner is seeking to recover a motor vehicle he claims to own that was seized due to "illegal alterations to the vehicle's identification numbers." It is undisputed that the petitioner was never the registered owner of the vehicle, that he was not in possession of the vehicle when it was seized, and that he did not receive notice of the seizure of the vehicle or the issuance of the notice of forfeiture. More than 60 days after the Tennessee Department of Safety and Homeland Security issued the Order of Forfeiture, which constitutes the Department's final order, the petitioner filed his petition for judicial review. His primary contention was that the Department of Safety failed to provide him with proper notice of the issuance of forfeiture warrant. The chancery court rejected this contention, concluding that he was not entitled to notice because he was never the registered owner. The court also found the petition for judicial review was untimely filed because administrative orders become final pursuant to Tenn. Code Ann. § 4-5-322(b)(1)(A) if a petition for judicial review is not filed within 60 days from the entry of the order. Concluding that the 60-day limitation period is jurisdictional, the court dismissed the petition for lack of subject-matter jurisdiction. We affirm.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT AND RICHARD H. DINKINS, JJ., joined.

Cynthia S. Lyons, William F. Roberson, Jr., and Seth Pinson, Cookeville, Tennessee, for the appellant, James A. Farley.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Troy A. McPeak, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Safety and Homeland Security.

**OPINION**

Petitioner, James A. Farley, filed a petition for judicial review in Davidson County Chancery Court on July 5, 2013, seeking to overturn an Order of Forfeiture issued by the Tennessee Department of Safety and Homeland Security, which was entered on March 4, 2013. The subject of the forfeiture is a motor vehicle Mr. Farley claims to have owned at all material times.

Because this matter was dismissed for lack of subject matter jurisdiction, the record is modest; nevertheless, the petition, the agency record, and affidavits filed by Mr. Farley in the trial court reveal the following relevant information. The vehicle at issue, a Chevrolet Corvette, with an unknown vehicle identification number ("VIN") and unknown model year, was seized on May 23, 2012, due to "illegal alterations to the vehicle's identification numbers." The vehicle was in the possession of Franklin Copeland when it was seized. The registered owner of the vehicle was Stephanie Coker.

The Department sent notice of the issuance of the forfeiture warrant by certified mail on July 16, 2012, to the registered owner, Stephanie Coker, and to Franklin Copeland, because he was the person in possession of the vehicle at the time of the seizure.[1] No petitions for hearing or claims were filed within 30 days, and an Order of Forfeiture was entered by the Department on March 4, 2013.

Mr. Farley claims that he purchased and took possession of the vehicle from Ms. Coker "sometime in 2010," at which time she provided a title to the vehicle. The vehicle was inoperable when Mr. Farley acquired it; as he put it, "the vehicle was a restoration project." Mr. Farley did not submit the title for registration because he was unsure of the cost of restoration to restore it to an operable condition. After considerable effort and expense, the vehicle became drivable in early 2012. Nevertheless, Mr. Farley never registered the vehicle.

Mr. Farley asserts in his petition that the vehicle was stolen from his property in Putnam County on February 22, 2012, that he reported the theft, and a police report was filed. At the time of the theft, Mr. Farley gave investigating officers the VIN listed on the title that Ms. Coker had given him; however, he later learned that Ms. Coker had given

---

[1] The notices to Ms. Coker were mailed to her registered address. The first notice to Ms. Coker was returned as not deliverable. On February 11, 2013, the Department of Safety mailed, by certified mail, a second notice of forfeiture to Ms. Coker and Mr. Copeland. The second notice to Ms. Coker was returned to sender as unclaimed.

him the wrong title. Thus, all of the information provided to the investigating officer concerning the vehicle was incorrect.

Furthermore, Mr. Farley asserts that after the vehicle was stolen, Ms. Coker subsequently provided the correct title and VIN and related documents to the investigating officer sometime in the summer of 2013. When the investigating officer, Lt. Bob Crabtree of the Putnam County Sheriff's Department, learned that the vehicle had been seized and awarded to the State of Tennessee, Lt. Crabtree passed this information on to Mr. Farley on May 3, 2013.

On May 6, 2013, Mr. Farley sent a letter to the Department of Safety in Knoxville along with a $350 bond to file a claim for the vehicle. Mr. Farley was advised a few days later that the time for filing claims had run and he would have to submit a claim to the appeals division of the Department of Safety. On June 3, 2013, Mr. Farley mailed a letter to the Department of Safety requesting relief. The appeals division responded on June 12, 2013, advising Mr. Farley that his petition was rejected as untimely.

On July 5, 2013, Mr. Farley filed his petition for judicial review in Davidson County Chancery Court. The Department responded to the petition by filing a motion to dismiss on the ground the court lacked subject-matter jurisdiction because the petition was filed more than 60 days after the entry of the Department's final order he was challenging.

Pursuant to a final order entered on November 7, 2014, the court granted the Department's motion to dismiss concluding that the petition for judicial review was untimely filed, which deprived the court of subject-matter jurisdiction. The court also rejected Mr. Farley's assertion that the Department failed to provide him with proper notice of the forfeiture warrant. Consequently, the court dismissed the petition for lack of subject-matter jurisdiction.

In his appeal to this court, Mr. Farley raises three assignments of error: 1) the trial court erred in finding his constitutional right to due process was not violated; 2) the trial court erred in finding that the Department's forfeiture order did not violate his constitutional right to be free from a taking of his private property without just compensation; and 3) the trial court erred in dismissing his petition for judicial review of the Department's final forfeiture order for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

Whether a court lacks subject-matter jurisdiction is a question of law. Therefore, we shall review the chancery court's determination that it lacked subject-matter jurisdiction pursuant to the de novo standard, without a presumption of correctness. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712-13 (Tenn. 2012).

ANALYSIS

A person seeking judicial review of a final order of an administrative agency must file his petition within 60 days of the entry of the agency's final order. Tenn. Code Ann. § 4-5-322(b)(1)(A). The 60-day limitation period is jurisdictional. *Bishop v. Tenn. Dep't of Corr.*, 896 S.W.2d 557, 558 (Tenn. Ct. App. 1994), *abrogated on other grounds by Hughley v. State*, 208 S.W.3d 338 (Tenn. 2006). Therefore, a court lacks authority to entertain a petition after the passage of the mandatory limitation period. *Id.*

The time for seeking judicial review of an agency's decision begins to run from the date of entry of the agency's final order. *Davis v. Tenn. Dep't of Emp't Sec.*, 23 S.W.3d 304, 309 (Tenn. Ct. App. 1999). In the case at bar, the Department's final order was entered on March 4, 2013. Mr. Farley's petition for judicial review was filed in the chancery court on July 5, 2013. Therefore, his petition was filed more than 60 days from the date of the Department's final order. The foregoing notwithstanding, Mr. Farley challenges the order of forfeiture on the ground of due process, contending his constitutional rights were violated because the Department failed to provide *him* with proper notice of the forfeiture warrant.

In this appeal, we are greatly benefited by the fact the chancery court did an excellent job in stating its specific findings of fact and in separately stating its conclusions of law. As a consequence, the chancery court has provided "a clear understanding of the basis of a trial court's decision." *See MLG Enter., LLC v. Johnson*, No. M2014-01205-COA-R3-CV, 2015 WL 4162722, at *4 (Tenn. Ct. App. July 9, 2015), *perm. app. granted* (Tenn. Dec. 10, 2015); *Gooding v. Gooding*, 477 S.W.3d 774, 782 (Tenn. Ct. App. 2015); *In re Zaylen R.*, No. M2003-00367-COA-R3-JV, 2005 WL 2384703, at *2 (Tenn. Ct. App. Sept. 27, 2005) ("Findings of fact facilitate appellate review . . . and enhance the authority of the court's decision by providing an explanation of the trial court's reasoning.").

In relevant part, the chancery court found the following facts:

On May 23, 2012, a Chevrolet Corvette with unknown VIN # and unknown model year was seized from Franklin Copeland because of illegal alterations to the vehicle's identification numbers. On July 16, 2012, and again on February 11, 2013, notice of the forfeiture warrant was mailed by certified mail to the registered owner, Stephanie Coker and to the person in possession of the vehicle at the time of seizure, Franklin Copeland. The certified mail notice to Stephanie Coker on February 11, 2013 came back unclaimed. No petitions for hearing or claims were filed within 30 days, and an Order of Forfeiture was entered by the Department on March 4, 2013. The Petitioner, James Farley ("Petitioner"), acquired possession and

ownership of the vehicle on or about 2010 from Stephanie Coker, but he never registered the vehicle. The Department did not agree that the forfeited vehicle was stolen from James Farley as is alleged by the Petitioner. Many of the Petitioner's alleged statement of facts in his Petition are not in the administrative record. The Petitioner failed to file a claim with the Department within 30 days after the notice was sent to the owner of record as is required by Tenn. Code Ann. § 40-33-206. The Petitioner filed an untimely petition for Judicial Review with this court on July 5, 2013.

The court then stated its conclusions of law. The conclusions of law most relevant to the issue of proper notice of issuance of the forfeiture warrant are as follows:

Tenn. Code Ann. § 40-33-204(c) provides that upon the seizure of any personal property subject to forfeiture, the seizing officer shall provide the person found in possession of the property, if known, a receipt titled "Notice of Seizure." Additionally, Tenn. Code Ann. § 40-33-204(g) states that the applicable agency, upon receipt of the forfeiture warrant documents, shall notify the owners and secured parties that a forfeiture warrant has been issued. Notice must be given in a manner reasonably calculated to notify interested parties of the pending forfeiture of the property. *Mulane v. Central Hanover Bank and Trust Company*, 399 U.S. 306, 314 (1950); *See also Doe v. Norris*, 751 S.W.2d 834 (Tenn. 1988). The Department's rules of procedure provide that, in order to meet the due process requirement, proof of the notice of a forfeiture warrant may be established by notice sent to the potential claimant by certified mail at the claimant's last known address. Tenn. Com. R. & Reqs., Rule 1340-2-2-.06(2)(d).

In the present case, the seizing officer provided the Notice of Seizure to the person in possession of the vehicle, Franklin Copeland, who signed acknowledging receipt of the seizure notice on May 23, 2014. Subsequently, the Department sent the notice of issuance of the forfeiture warrant on July 16, 2012 and again on February 11, 2013 by certified mail to Franklin Copeland and the registered owner, Stephanie Coker. Tenn. Code Ann. § 55-4-101 requires motor vehicles to be registered. Whenever the owner of a registered vehicle transfers title, the registration of the vehicle shall expire pursuant to Tenn. Code Ann. § 55-4-118. The new owner may secure a new registration and certificate of title in accordance with Tenn. Code Ann. § 55-4-119. If the Petitioner purchased the vehicle from Stephanie Coker, then he should have registered the vehicle in his name and obtained a certificate of title in his name in order to receive notice of the forfeiture warrant from the Department. In this case, the Department sent notice of the forfeiture warrant to the registered owner,

Stephanie Coker, and had no knowledge of Petitioner's alleged interest in the vehicle. If Petitioner had registered the vehicle in his name, the Department would have mailed him notice of the forfeiture warrant by certified mail.

Without knowledge that the Petitioner may have had an interest in the vehicle, the Department provided adequate notice to the owner of record. *See Redd v. Tennessee Dept. of Safety*, 895 S.W.2d 332 (1995) (held: requisite knowledge required the Department of Safety to provide notice to Petitioner). *Dusenberg v. U.S.*, 534 U.S. 161, 171-173 (2002) (held: proof inmate received actual notice of forfeiture proceeding was not required). Since the Department provided sufficient notice to comply with due process, the Department's forfeiture was proper.

Based upon its findings of fact and conclusions of law, only some of which we have quoted above, the chancery court dismissed the untimely petition for judicial review for lack of subject matter jurisdiction. For essentially the same reasons as stated by the chancery court, we also find no merit to Mr. Farley's contention that the Department failed to provide proper notice.

The relevant law, specifically Tenn. Code Ann. § 40-33-204(c), directs that *upon the seizure* of any personal property subject to forfeiture, *the person found in possession of the property*, if known, shall be provided with a "Notice of Seizure." Furthermore, as Tenn. Code Ann. § 40-33-204(g) directs, *upon issuance of the forfeiture warrant*, the agency shall notify *the owners and secured parties* that a forfeiture warrant has been issued. Additionally, the Department's regulations provide, in pertinent part, that proof of the notice of the forfeiture warrant may be established by notice sent to the potential claimant by certified mail at the claimant's last known address. TENN. COMP. R. & REGS. 1340-2-2-.06(2)(d).

Further, in order to satisfy the constitutional due process requirements, notice must be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mulane v. Cent. Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950). "In order to determine whether a particular notice procedure comports with due process '[t]he proper inquiry is whether the state acted reasonably in selecting a means likely to inform persons affected, not whether each property owner actually received notice.'" *Brown v. Tenn. Dept. of Safety*, No. 01-A-01-9102-CH00043, 1992 WL 63444, at *4 (Tenn. Ct. App. Apr. 1, 1992) (quoting *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988)).

Here, as the chancery court correctly found, the Department complied with the statutory notice requirements:

> The seizing officer provided the Notice of Seizure to the person in possession of the vehicle, Franklin Copeland, who signed acknowledging receipt of the seizure notice on May 23, 2014. Subsequently, the Department sent the notice of issuance of the forfeiture warrant by certified mail to Franklin Copeland and the registered owner, Stephanie Coker.

The chancery court also correctly concluded, assuming Mr. Farley purchased the vehicle from Ms. Coker, that "he should have registered the vehicle in his name and obtained a certificate of title in his name in order to receive notice of the forfeiture warrant from the Department," and "[i]f [Mr. Farley] had registered the vehicle in his name, the Department would have mailed him notice of the forfeiture warrant by certified mail." *See* Tenn. Code Ann. § 55-4-101 (requiring registration of motor vehicles); *see also* Tenn. Code Ann. § 55-4-118 (providing for explanation of existing registration); Tenn. Code Ann. § 55-4-119 (for new owner to secure a new registration upon transfer of title).

Further, Mr. Farley failed to register the vehicle as his property as required by statute.[2] As a result, the Department had no knowledge that Mr. Farley was the owner of the vehicle and no reasonable means to ascertain this information. Moreover, the record established that the Department provided the requisite notice to the *registered owner* of the vehicle, Ms. Coker, and the individual in possession of the vehicle at the time of seizure, Mr. Copeland. We conclude that, in so doing, the State acted in a manner reasonably calculated to provide interested parties notice of the forfeiture warrant. Therefore, Mr. Farley's contention that his due process rights were violated because the Department failed to give him proper notice is without merit.

Because the petition for judicial review was not filed within 60 days of the entry of the Order of Forfeiture, the Department's final order, the chancery court correctly concluded that it lacked subject-matter jurisdiction.

---

[2] Whenever the owner of a vehicle moves from the address named in the vehicle registration, the owner is required to notify the Department of the change within 10 days of the move. *See* Tenn. Code Ann. § 55-4-131(a). Thus, Mr. Farley also had a statutory duty to maintain his correct address on the vehicle registration. *See Beazley v. Armour*, 420 F. Supp. 503 (M.D. Tenn. 1976).

## IN CONCLUSION

The judgment of the trial court is affirmed, with costs of appeal assessed against James A. Farley.

_____
FRANK G. CLEMENT, JR., JUDGE