

FILED

02/03/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 18, 2017 Session

**JOSEPH SKERNIVITZ v. STATE OF TENNESSEE DEPARTMENT OF
SAFETY AND HOMELAND SECURITY**

**Appeal from the Chancery Court for Davidson County
No. 14-1388-I      Claudia C. Bonnyman, Chancellor**



**No. M2016-00586-COA-R3-CV**

In this drug forfeiture case, we have concluded that the trial court lacked subject matter jurisdiction because the property owner failed to filed a petition for judicial review within the sixty-day time period required under Tenn. Code Ann. § 4-5-322(b). We, therefore, vacate the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated
and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Travis N. Meeks, Clarksville, Tennessee, for the appellant, Joseph Skernivitz.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Blumstein, Solicitor General; and Brooke K. Schiferle, Assistant Attorney General, for the appellee, State of Tennessee Department of Safety and Homeland Security.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2014, Clarksville police officers executed a search warrant at 3733 Harvest Ridge in Clarksville, Tennessee based upon evidence that Joseph Robert Skernivitz was selling marijuana from the house. The officers arrested Mr. Skernivitz and another person and seized marijuana and other items, including $22,860 in cash and a car. Mr. Skernivitz was served with a notice of property seizure and forfeiture of conveyance on May 22, 2014.

On May 29, 2014, the seizing officer requested an extension of time to swear out the forfeiture warrant.[1] The court granted an extension of time until June 6, 2014. On June 10, 2014, the court granted an additional extension through June 12, noting that there was no court on June 6. The court then issued the forfeiture warrant on June 10, 2014.

On June 18, 2014, the Department of Safety and Homeland Security ("DOS" or "the Department") sent Mr. Skernivitz and the lienholder on the car letters with the forfeiture warrant and information regarding the forfeiture proceedings. Despite receiving notice of the forfeiture proceedings, Mr. Skernivitz took no action. On August 7, 2014, DOS issued two final orders of forfeiture, regarding the car and the currency, and these orders were served on Mr. Skernivitz along with instructions regarding the time limits for various further actions.

Mr. Skernivitz filed a petition for hearing with DOS on September 4, 2014, and DOS responded with a letter stating that the deadline for a petition for a hearing had passed. On September 11, 2014, Mr. Skernivitz filed a petition for stay with DOS, which denied the petition as untimely. Mr. Skernivitz filed an identical petition for stay with DOS on September 26, 2014.

Then, on September 29, 2014, Mr. Skernivitz filed a "Petition for Stay" in the chancery court, which mirrored the petition for stay he filed with DOS and stated, in pertinent part, as follows:

> [T]he Petitioner, Joseph Skernivitz, . . . requests that the Department of Safety stay the order of forfeiture entered on August 7, 2014, and set this matter for a hearing. In support of this motion he would show this Honorable Court the following:
> . . . .
> 10. On June 10, 2014, the Judge amended the extension order granting the officers until June 12, 2014, to file the forfeiture warrant. This amendment and extension was [sic] illegal and unauthorized pursuant to the statute. T.C.A. 40-33-204(a) reads that no forfeiture action shall proceed unless a forfeiture warrant is issued in accordance with this section by the General Sessions Court.

---

[1] Tennessee Code Annotated section 40-33-204(b)(2) states: "If an arrest was made at the time of the seizure, the officer making the seizure shall apply for a forfeiture warrant by filing a sworn affidavit within five (5) working days following the property seizure." Pursuant to Tenn. Code Ann. § 40-33-204(c)(2), however, "the judge may grant up to ten (10) additional days to seek a forfeiture warrant" under certain circumstances.

11. This forfeiture warrant was not issued in accordance with the Code and this forfeiture warrant **shall** not proceed.

WHEREFORE PREMISES CONSIDERED the Petitioner respectfully requests that the Department of Safety stay the order of forfeiture entered on August 7, 2014, and set this matter for a hearing.

On March 23, 2015, Mr. Skernivitz filed an "Amended Petition for Judicial Review" in the chancery court. The Department filed a motion to dismiss for lack of subject matter jurisdiction in which it argued that the amended petition was beyond the sixty-day statutory time limit for filing a petition for judicial review. The chancery court denied DOS's motion to dismiss.

After a hearing on December 15, 2015, the trial court issued a ruling from the bench, which it then incorporated into its final order entered on February 18, 2016. The parties stipulated to most of the relevant facts. The court found an ambiguity in Tenn. Code Ann. § 40-33-204(c) regarding how to interpret the provision allowing the court to grant an extension of "up to ten (10) additional days to seek a forfeiture warrant." The trial court determined that the ten days in Tenn. Code Ann. § 40-33-204(c)(2) "should be counted as provided in Tennessee Rule of Civil Procedure 6.01, and because the number of days in question is less than eleven days, that means that intermediate Saturdays, Sundays, and legal holidays shall not count in the computation." The court, therefore, concluded that "the forfeiture warrant was obtained timely by the agency," dismissed the petition for judicial review, and affirmed DOS's final order.

On appeal, Mr. Skernivitz argues that the trial court erred in upholding the forfeiture because the initial forfeiture warrant was not timely issued pursuant to Tenn. Code Ann. § 40-33-204. The Department asserts that the trial court lacked subject matter jurisdiction to review Mr. Skernivitz's amended petition for judicial review of the order of forfeiture. The Department further argues that the trial court properly dismissed Mr. Skernivitz's amended petition in accordance with Tenn. Code Ann. § 40-33-204.

ANALYSIS

We begin with the issue of whether the trial court had subject matter jurisdiction to hear this case. Subject matter jurisdiction here presents a question of law, which we review de novo with no presumption of correctness. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *Orr v. Tenn. Dep't of Safety*, No. M2012-02711-COA-R3-CV, 2014 WL 468230, at *2 (Tenn. Ct. App. Feb. 4, 2014).

Mr. Skernivitz's property was seized and forfeited pursuant to Tenn. Code Ann. § 53-11-451(a), which provides that property used or intended to be used in drug-related transactions and all proceeds of such transactions are subject to forfeiture. Tennessee Code Annotated section 40-33-201 states: "All personal property, including

conveyances, subject to forfeiture under . . . § 53-11-451 . . . shall be seized and forfeited in accordance with the procedure set out in this part." Pursuant to Tenn. Code Ann. § 40-33-213(b), "an appeal under this part shall be conducted in the same manner as is provided in § 4-5-322, for a contested case hearing under the Uniform Administrative Procedures Act . . . ." *See also Orr*, 2014 WL 468230, at *2.

Tennessee Code Annotated section 4-5-322(b)(1)(A) provides that petitions for review "shall be filed within sixty (60) days after the entry of the agency's final order thereon." This time limit has been held to be jurisdictional, and "a court cannot review the merits of the case if it is filed outside the appropriate time period." *Lowdermilk v. Tenn. Dep't of Safety*, No. M2010-00417-COA-R3-CV, 2010 WL 4547256, at *2 (Tenn. Ct. App. Nov. 9, 2010) (citing *Bishop v. Tenn. Dep't of Corr.*, 896 S.W.2d 557, 558 (Tenn. Ct. App. 1994)).

It is undisputed that DOS filed its final forfeiture orders in this case on August 7, 2014. In accordance with Tenn. Code Ann. § 4-5-322(b)(1)(A), Mr. Skernivitz had sixty days from that date to file a petition for judicial review in chancery court. He did not file his amended petition for review until March 23, 2015, well beyond the sixty days prescribed by the statute.

The basis for the trial court's denial of DOS's motion to dismiss for lack of subject matter jurisdiction was that Mr. Skernivitz's original Petition for Stay "was filed as a place holder and sought relief from the administrative agency rather than the Court," but was filed within the sixty-day time limit. The trial court cited the principle that "the Court should look to the substance rather than the form and try to reach the merits of a case." *See, e.g., Brundage v. Cumberland Cnty.*, 357 S.W.3d 361, 371 (Tenn. 2011). We disagree with the trial court's reliance on this principle in this case. The substance of the original petition for stay filed by Mr. Skernivitz in the trial court was to ask the agency to stay the forfeiture order and set a hearing. The petition did not request judicial review and cannot be interpreted as a petition for judicial review.[2]

Because Mr. Skernivitz failed to file a petition for judicial review within the sixty-day time period required under Tenn. Code Ann. § 4-5-322(b), the trial court lacked subject matter jurisdiction to hear the case.

---

[2] Moreover, the petition for stay was not served upon the Attorney General and Reporter as required by Tenn. Code Ann. § 4-5-322(b)(2).

## CONCLUSION

The judgment of the trial court is vacated, and the case is remanded for entry of an order dismissing the petition. Costs of appeal are assessed against the appellant, Joseph Skernivitz, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE