IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 5, 2018

**DWIGHT MITCHELL v. STATE OF TENNESSEE,
DEPARTMENT OF HEALTH**

**Appeal from the Chancery Court for Davidson County
No. 17-295-III        Ellen H. Lyle, Chancellor**

———————————————————

**No. M2017-02041-COA-R3-CV**

———————————————————

Plaintiff filed a declaratory judgment action in 2017, seeking to have the chancery court invalidate two final orders entered against him by the Tennessee Department of Health, one entered in 2008, revoking his license to operate a residential home for the aged, and the second entered in 2011, placing him on the Tennessee Abuse Registry. Upon the Department's motion, the chancellor dismissed the action for lack of subject matter jurisdiction, for failure to timely seek review under the Administrative Procedures Act, and on the basis of *res judicata*. The plaintiff appeals; on our *de novo* review, we affirm the dismissal of the petition for failure to comply with the judicial review provisions set forth in Tennessee Code Annotated section 4-5-322.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KENNY W. ARMSTRONG, J. joined.

Dwight Mitchell, Madison, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; and Sara E. Sedgwick, Senior Counsel, for the appellee, Tennessee Department of Health.

**MEMORANDUM OPINION[1]**

---

[1] Tenn. R. Ct. App. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by

The Tennessee Department of Health's Board for Licensing Health Care Facilities ("the Board") issued a license in 1987 to Sun Valley Home for the Aged ("Sun Valley") to operate a residential home for the aged in Hartsville, Tennessee. Sun Valley was owned by Dwight Mitchell. In 2007, the Board investigated complaints about Sun Valley and held a contested case hearing, after which it entered an order in January 2008 revoking Sun Valley's license to operate.[2] In a separate proceeding, Mr. Mitchell's name was subsequently placed on the Tennessee Abuse Registry by order entered June 8, 2011, by the Commissioner of the Tennessee Department of Health.

On March 24, 2017, Mr. Mitchell filed an action in Davidson County Chancery Court seeking a declaratory judgment, naming the Tennessee Department of Health ("the Department") as defendant. The pleading which initiated the proceeding reads, in full:

Motion for Declaratory Judgment

Pursuant to Tennessee Rules of Civil Procedure 60.02(3), 60.02(4), 58 and T.C.A. §§ 4-5-223, 4-5-225, the Plaintiff moves for a declaratory judgment that the 2007 and 2008 orders suspending the license for his healthcare facility, Sun Valley, were improper and are void, the 2009 order placing him on the abuse registry was improper and is void and the 2011 administrative order placing him on the abuse registry was improper and is void.[3]

---

memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The Board held that Sun Valley had violated various rules and regulations governing residential homes for the aged by its failure to maintain a sanitary kitchen; failure to ensure that there was a safe and clean environment for the residents; failure to promote a sanitary environment to prevent pest infestation; failure to maintain an individual file for each resident and to document pertinent information in those files; and, with respect to one resident who had to be transported to the hospital for necrotic toes that were infested with maggots, failure to provide personal services that included "protective care of the resident, responsibility for the safety of the resident when in the facility, daily awareness of resident's whereabouts, and the ability and readiness to intervene if crises arise."

[3] Contemporaneously with the motion, Mr. Mitchell filed a memorandum of law; attached as exhibits to his memorandum were the following documents and transcript excerpts: (1) the first page of an August 13, 2007 correspondence from the Department of Health which states that it contains "the statement of deficiencies developed as the result of the complaint investigation completed August 13, 2007; (2) an acknowledgement, signed by Mr. Mitchell on August 15, 2007, that he received the following items: (a) August 13, 2007 correspondence from the commissioner, (b) a Notice of Suspension of Admissions dated August 13, 2007, (c) additional correspondence from the commissioner also dated August 13, 2007, (d) a statement of deficiencies and plan of corrections dated August 13, 2007, and (e) a notice of rights; (3) correspondence from the Commissioner, dated August 13, 2007; (4) the Notice of Suspension of Admissions, dated August 13, 2007; (5) disjointed excerpts from a September 28, 2007 hearing conducted before the Board for Licensing Health Care Facilities; (6) disjointed excerpts of the August 15, 2007

2

The Department moved to dismiss the action pursuant to Rules 12.02(1), (6), and (8) of the Tennessee Rules of Civil Procedure. Specifically, the Department alleged that the court lacked subject matter jurisdiction because Plaintiff's motion "merely sets forth untimely challenges to agency orders following contested case hearings, appeals of which fall squarely under the requirements of Tenn. Code Ann. §4-5-322." The Department argued that Mr. Mitchell's motion failed to state a claim on which relief could be granted because he had failed to petition for judicial review within 60 days of each of the Department's orders in accordance with Tennessee Code Annotated section 4-5-322. The Department also argued that the portion of Mr. Mitchell's motion challenging the final order revoking Sun Valley's license was barred by *res judicata* because Mr. Mitchell had filed an action in 2013 challenging the order revoking the license, which was dismissed as being outside the 60-day period set forth in section 4-5-322(b) for seeking review of administrative decisions.

The Chancellor held a hearing on the Department's motion and issued an order on July 27, 2017, granting the motion and holding that the court lacked jurisdiction because Mr. Mitchell did not file a petition for judicial review within 60 days of entry of the January 2008 and June 2011 orders. The court also held that the declaratory judgment provisions of the Uniform Administrative Procedures Act at Tennessee Code Annotated sections 4-5-223 and -225, did not apply, as "the only source of relief for Plaintiff is the procedure provided in section 4-5-322, and . . . the Plaintiff let the time lapse on that avenue of relief." The court also held that *res judicata* was "an additional bar and basis for dismissal" with respect to Plaintiff's attempt to challenge the order revoking the licensure of Sun Valley. Mr. Mitchell filed a motion to alter or amend the judgment in which he asserted, *inter alia*, that he "sought judicial determination of whether his U.S. Constitutional rights were violated." The trial court denied the motion.

Mr. Mitchell appeals, raising numerous issues; we have determined that the dispositive issue is whether the trial court had jurisdiction to adjudicate this action.

Tennessee Code Annotated section 4-5-322(a)(1) provides that review in chancery court under the UAPA is the "only available method of judicial review" of a final decision of an administrative agency in a contested case. Pursuant to section 4-5-322(b)(1)(A), a petition seeking such review must be filed within 60 days of the entry of

summary suspension hearing proceedings before the Board; (7) the Board's August 15, 2007 Order of Summary Suspension; (8) two non-sequential pages from a 117-page transcript of November 14, 2007 hearing of the Board; (9) an unsigned copy of the September 10, 2009 Initial Order placing Mr. Mitchell's name on the Abuse Registry; (10) portions of 2012 correspondence from the Department of Health; (11) portions of 2015 correspondence from the Department of Health; (12) excerpts from an October 19, 2007 proceeding before the Board for Licensing Health Care Facilities discussing scheduling of the remainder of the hearing on whether Sun Valley's license would be revoked.

the agency's final order.  This time limit is mandatory and jurisdictional.  *Bishop v. Tenn. Dep't. of Corrections*, 896 S.W.2d 557, 558 (Tenn. Ct. App. 1994).

Mr. Mitchell's pleading does not allege, and he does not argue, that he filed proceedings seeking judicial review of the January 2008 and June 2011 final orders of the Department within the 60 day window.  Rather, he complains of the agency decisions, seeking a declaration that they are "void" and "improper."  His sole remedy, however, is the judicial review of the agency decisions pursuant to section 4-5-322 and not a declaratory judgment action.  Having failed to timely petition for judicial review, the case was properly dismissed; accordingly, we affirm the judgment of the trial court.

_____
RICHARD H. DINKINS, JUDGE