Maurice **HUGHLEY**

v.

**STATE of Tennessee.**

Supreme Court of Tennessee,
at Nashville.

Oct. 6, 2006 Session.

Dec. 7, 2006.

Robert B. Littleton, Nashville, Tennessee, for the appellant, Maurice Hughley.

Paul G. Summers, Attorney General and Reporter; Arthur Crownover II, Nashville, Tennessee, for the appellee, State of Tennessee.

## OPINION

CORNELIA A. CLARK, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., JANICE M. HOLDER and GARY R. WADE, JJ., and ADOLPHO A. BIRCH, JR., Sp.J., joined.

We granted this appeal to determine the statute of limitations applicable to suits for declaratory judgments filed pursuant to Tennessee Code Annotated section 4–5–225, a provision of the Uniform Administrative Procedures Act, after an agency declines to issue a declaratory order. We hold that, where an agency is petitioned to issue a declaratory order pursuant to Tennessee Code Annotated section 4–5–223 and the agency declines to convene a contested case hearing and issue the declaratory order, the petitioner is not subject to the sixty-day statute of limitations established by Tennessee Code Annotated section 4–5–322(b)(1). Instead, because the legislature has not expressly provided for a statute of limitations, the petitioner's complaint for declaratory judgment under Tennessee Code Annotated section 4–5–225 is governed by Tennessee's general ten-year statute of limitations, codified at Tennessee Code Annotated section 28–3–110(3). The petitioner in this case therefore filed his suit for a declaratory judgment in a timely fashion, and the trial court erred in dismissing his complaint. The Court of Appeals also erred in affirming the trial court's judgment. Accordingly, we reverse the judgment of the Court of Appeals and remand this matter to the trial court for further proceedings consistent with this opinion.

## PROCEDURAL BACKGROUND

While incarcerated, Maurice Hughley petitioned the Tennessee Department of Correction ("TDOC") for a declaratory order regarding the calculation of his sentence. TDOC responded by a letter dated February 5, 2003,[1] which states, "A records verification check of TOMIS (Tennessee Offender Management Information System), indicates that your sentence dates and sentence credits are correct and valid. For the reasons stated above, your petition for a declaratory order pursuant to T.C.A. § 4–5–223(a)(2) is refused and the department denies your petition." On July 22, 2003, more than sixty days later, Hughley filed a suit for a declaratory judgment in the Davidson County Chancery Court seeking a judicial calculation of his sentence, including a calculation of his sentence credits. Relying on Tennessee Code Annotated section 4–5–322(b)(1), the trial court dismissed Hughley's complaint on the basis that it was not filed within sixty days of TDOC's letter. Hughley appealed, and the Court of Appeals affirmed the trial court. We granted Hughley's appeal to this Court in order to determine the time limitation applicable to suits for declaratory judgments following an agency's refusal to issue a declaratory order.

## STANDARD OF REVIEW

This case requires us to construe certain provisions of the Uniform Administrative Procedures Act ("the Act"). *See* Tenn.Code Ann. §§ 4–5–101–325 (1998). Issues of statutory construction are questions of law which this Court reviews de novo with no presumption of correctness accorded the trial court's conclusions. *Lavin v. Jordon,* 16 S.W.3d 362, 364 (Tenn. 2000). When interpreting statutes, this Court "must ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning or application." *Perrin v. Gaylord Entm't Co.,* 120 S.W.3d 823, 826 (Tenn.2003) (citing *Parks v. Tenn. Mun. League Risk Mgmt. Pool,* 974 S.W.2d 677, 679 (Tenn. 1998)).

---

1. Both the trial court and the Court of Appeals described the letter as dated March 5, 2003. The copy of the letter contained in the record, however, bears the date "February 5, 2003."

## ANALYSIS

### I. Interplay of Sections 4–5–223, 4–5–225, and 4–5–322 of the Act

We begin with a review of the pertinent provisions of the Act. Section 4–5–223 of the Act provides that an "affected person may petition an agency for a declaratory order as to the validity or applicability of a statute, rule or order within the primary jurisdiction of the agency." Tenn.Code Ann. § 4–5–223(a) (1998). The petitioned agency may then respond in one of two ways: (1) convene a contested case hearing and issue a declaratory order, or (2) refuse to issue a declaratory order. *Id.* at (a)(1), (a)(2).[2] If the agency elects to convene a contested case hearing, the resulting declaratory order is "subject to review in the chancery court of Davidson County, unless otherwise specifically provided by statute, in the manner provided for the review of decisions in contested cases." *Id.* at (a)(1). Judicial review of decisions in contested cases is governed by section 4–5–322, *see id.* § 4–5–322(a)(1) (Supp. 2003), and petitions for review must be filed within sixty days after entry of the agency's final order, *id.* at (b)(1).

If, however, the agency declines to issue a declaratory order, the aggrieved petitioner may seek a judicial determination of his concerns by filing a suit for declaratory judgment in the chancery court of Davidson County. *Id.* § 4–5–225(a) (1998). Section 4–5–225 does not set forth a time period within which the complainant must file his suit for declaratory judgment.

In this case, TDOC availed itself of the second option by declining to convene a contested case hearing and to issue the requested declaratory order. Indeed,

TDOC stated in its letter to Hughley that it was declining to issue a declaratory order pursuant to section 4–5–223(a)(2), the provision that gives a petitioner whose request for a declaratory order has been denied the right to sue for a declaratory judgment. Accordingly, Hughley filed a suit for declaratory judgment in the chancery court of Davidson County. He did so, however, after more than sixty days had passed following TDOC's letter of refusal. The trial court and the Court of Appeals concluded that this delay was fatal to Hughley's suit on the basis of section 4–5–322(b)(1) of the Act, which provides that petitions for judicial review of an agency's final decision in a contested case "shall be filed within sixty (60) days after the entry of the agency's final order thereon." *Id.* § 4–5–322(b)(1) (Supp.2003). Because the plain meaning of the statute makes clear that the sixty-day limitation applies to petitions filed following "a final decision in a contested case," *id.* at (a)(1), the State urges us to construe TDOC's letter to Hughley as such a decision.

### II. Prior Appellate Decisions

The Court of Appeals has been inconsistent in its opinions addressing this issue. In several cases, it has applied the sixty-day limitations period to a suit for declaratory judgment even where TDOC did not convene a contested case hearing. For instance, in *Bishop v. Tenn. Dep't of Corr.*, 896 S.W.2d 557 (Tenn.Ct.App.1994), the Court of Appeals considered a set of facts similar to that now before us. The incarcerated petitioner sought a declaratory order from TDOC regarding his sentence. Based on its review and determination of the merits of the petitioner's claim, TDOC

---

**2.** The statute further provides that if the agency "has not set a petition for a declaratory order for a contested case hearing within sixty (60) days after receipt of the petition, the agency shall be deemed to have denied the petition and to have refused to issue a declaratory order." Tenn.Code Ann. § 4–5–223(c) (1998).

declined to convene a contested case hearing and issue an order. Instead, TDOC notified the petitioner that "it had considered his petition for declaratory order and that the petition was denied." *Id.* at 558. In its notification to the petitioner, TDOC set forth its reasons for determining that the petitioner's claim was without merit. The Court of Appeals considered TDOC's written communication to be a "final order" subject to judicial review under section 4–5–322 of the Act. *Id.* Because the petitioner did not file suit seeking a declaratory judgment until more than sixty days had elapsed after TDOC's response, the intermediate appellate court concluded that the trial court lacked jurisdiction to consider the matter. *Id.; see also Frazier v. Whisman,* No. M1997–00225–COA–R3–CV, 2000 WL 988187, at *2 (Tenn.Ct.App. July 19, 2000) (reiterating that a complaint for review of an agency decision rendered through a letter that responds substantively to the merits of the petition must be filed within sixty days of the letter); *Johnson v. Tenn. Dep't of Corr.,* No. 01A01–9710–CH–00586, 1998 WL 652150, at *1, 1998 Tenn.App. LEXIS 636, at *2 (Tenn. Ct.App. Sept.23, 1998) (affirming dismissal of petition for declaratory judgment on basis of the petition having been filed more than sixty days after TDOC wrote a letter denying request for declaratory order); *Copeland v. Bradley,* No. 01A01–9409–CH–00435, 1995 WL 70602, at *2 (Tenn.Ct. App. Feb.22, 1995) (holding that where TDOC's response to a petitioner's request for a declaratory ruling "showed that [the Commissioner] had read and understood [the] petition, and [TDOC's] denial of the relief sought was based on [a] reasonable ground," the sixty-day time limitation applied to the petitioner's complaint for a declaratory judgment in chancery court).

In several other cases, however, the Court of Appeals has rejected application of section 4–5–322(b)(1)'s sixty-day limitations period to an inmate's suit for declaratory judgment after TDOC declined to convene a contested case hearing and issue a requested declaratory order. For instance, prior to *Bishop,* our Court of Appeals considered another situation in which an inmate petitioned TDOC for a declaratory order. *See Taylor v. Reynolds,* No. 93–552–I, 1994 WL 256286, at *1 (Tenn.Ct. App. June 10, 1994). TDOC responded by simply notifying the petitioner that it was refusing to issue the requested ruling. The petitioner then filed suit in chancery court for a declaratory judgment, which was dismissed as untimely. On appeal, the Court of Appeals recognized that, "[w]hen [a petitioned] agency refuses to issue a declaratory order, ... the Code is silent as to when a declaratory judgment must be sought in the chancery court." *Id.* Less than a year later, our intermediate appellate court reiterated in another unreported decision that "[the] sixty day limit does not apply where the agency's final decision was not the result of a contested case hearing, but only of the refusal to convene such a hearing." *Rienholtz v. Bradley,* No. 01A01–9409–CH–00433, 1995 WL 33736, at *2 (Tenn.Ct.App. Jan.27, 1995). The court explained its rationale:

> We believe [this ruling] serves the important purpose of protecting the petitioner's right to be heard.... [W]e believe that an agency's refusal to even consider a petitioner's contentions might frequently operate in conjunction with the sixty day filing limit to foreclose the possibility of a meaningful examination of the issues. This may especially be so in the case of prisoners, because the necessary restrictions on their freedom of movement can make it difficult or impossible for them to file within the sixty day period.

*Id.* at *3; *see also Hatton v. Bradley,* No. 01A01–9406–CH–00306, 1995 WL 113301,

at *1 (Tenn.Ct.App. Mar.15, 1995) (holding that where TDOC summarily denied petitioner's request for a declaratory order, the sixty-day limit did not apply because "the agency's final decision is not the result of a contested case hearing, but only of the refusal to convene such a hearing").

Indeed, the amount of litigation generated by this issue prompted Judge Cantrell to note his concern

> over the uncertainty about the statute of limitations that continues to plague the courts in these cases.
>
> The issue was thoroughly aired in *Taylor v. Reynolds, Rienholtz v. Bradley,* and *Copeland v. Bradley,* but the Department [of Correction] continues to issue letters denying the request for a declaratory order, and the courts continue to apply the sixty day limit applicable to the appeal of a contested case. Either the Department needs to make clear that it is issuing a declaratory order or the legislature should clear up the statute of limitations applicable to a denial of a contested case hearing in response to a request for a declaratory order.

*Johnson,* 1998 WL 652150, at *1, 1998 Tenn.App. LEXIS 636, at *3–4 (Cantrell, J., concurring) (citations omitted).

### III. Inapplicability of Sixty-Day Limitations Period

■ Because neither the General Assembly nor TDOC has acted on earlier judicial requests to address this problem, we accepted this appeal to clarify, in the absence of legislative action, the limitations period that applies to a complaint for declaratory judgment following an agency's refusal to convene a contested case hearing upon receipt of a petition for a

declaratory order. We hold that a letter of denial from TDOC in response to a petition for a declaratory order that is issued without the benefit of a hearing is not the equivalent of a "final order" as that term is used in section 4–5–322(b)(1) of the Act, even if the letter purports to deny the petitioner's claims on the merits.[3] We arrive at this conclusion for two reasons.

■ First, section 4–5–223(a)(1) of the Act affords judicial review under section 4–5–322 only after a contested case hearing has been convened and a declaratory order has been issued. That did not happen in this case. Rather, when TDOC summarily declines to issue a declaratory order, even after undertaking some research and analysis of the petitioner's grounds for seeking same, TDOC is acting under section 4–5–223(a)(2), and its refusal to issue a declaratory order denies the petitioner any opportunity for a contested case hearing. When, as it did here, TDOC responds to a petition for a declaratory order by declining to hold a hearing and summarily denying the petition, TDOC deprives the petitioner of the right to judicial review "in the manner provided for the review of decisions in contested cases." Tenn.Code Ann. § 4–5–223(a)(1) (1998).

Second, the Act mandates that a "final order" arising from a contested case

> shall include conclusions of law, the policy reasons therefor, and findings of fact for all aspects of the order, including the remedy prescribed.... Findings of fact, if set forth in language that is no more than mere repetition or paraphrase of the relevant provision of law, shall be accompanied by a concise and explicit statement of the underlying facts of record to support the findings. *The final*

---

3. This case does not require us to consider, and we do not address, whether TDOC's letter of denial satisfies the definition of an "order" set forth in the definitions provision of the Act. *See* Tenn.Code Ann. § 4–5–102(7) (1998).

*order . . . must also include a statement of the available procedures and time limits for seeking reconsideration or other administrative relief and the time limits for seeking judicial review of the final order.*

*Id.* § 4–5–314(c) (1998) (emphasis added). Even if we were to determine in some way that TDOC's response to Hughley's petition for a declaratory order somehow constituted a contested case hearing, the letter it sent to Hughley contains none of the information required in a "final order." A letter of denial, even if it contains the reasons for the summary refusal, cannot, therefore, equate to a final decision arising from a contested case hearing.

In short, the provisions of the statute for judicial review of contested cases, set forth at Tennessee Code Annotated section 4–5–322, simply do not apply to the proceeding before us. Rather, the provisions of section 4–5–225, setting forth the procedure for seeking a judicial determination of the claims made in a petition for declaratory order after the agency refuses under section 4–5–223(a)(2) to issue the requested order, apply. The provisions of each statute are not interchangeable.

## IV. Public Policy Considerations

In urging us to adopt the reasoning of *Bishop,* the State raises an important public policy consideration: that, if we hold that TDOC's denial letter does not equal a final order in a contested case under section 4–5–223(a)(1) of the Act so as to be subject to the sixty-day limitations period in section 4–5–322(b)(1), TDOC will effectively be required "to convene a hearing every time a prison inmate questioned his sentence calculation by making a request for a declaratory order. Such a result would put a great burden upon the time and resources of [TDOC] and the office of the Secretary of State." We are not per-

suaded. First, our holding does not require TDOC to respond to petitions for declaratory orders any differently than it does now. Our holding simply allows unsuccessful petitioners a longer period in which to seek judicial relief following a denial of their request.

Second, even if we were to hold that the sixty-day limitations period applies to suits such as Hughley's, there is nothing to prevent him from simply filing a second petition for a declaratory order with TDOC and then, upon TDOC's second summary refusal, filing a suit for declaratory judgment within sixty days. Because TDOC has not convened a contested case hearing so as to generate a record from which the chancery court could simply make findings and draw conclusions, *see* Tenn.Code Ann. § 4–5–322(g) (Supp.2003), a timely suit for declaratory judgment will expose TDOC to a contested proceeding in court. Under these circumstances, TDOC's resources would still be subject to depletion.

Finally, a decision to apply the sixty-day limitations period would effectively rewrite the legislation codified at section 4–5–225 by grafting onto it a provision from the wholly distinct legislation codified at section 4–5–322. That is a request more appropriately addressed to the General Assembly. *See In re C.K.G.,* 173 S.W.3d 714, 730 n. 9 (Tenn.2005) ("[C]oncerning a variety of issues, this Court has invited legislative action or has reserved lawmaking as more appropriate for the legislature."). The legislature may have intended to provide a specific limitations period for declaratory judgment actions following an agency's decision not to convene a contested case hearing and issue a requested declaratory order. It did not, however, do so. By the plain language of the applicable statute, such a limitations period does not exist. Accordingly, we urge the legislature to address this issue.

## V. Applicable Limitations Period

■ Remaining is the question of what limitations period applies to Hughley's suit. Neither section 4–5–225 nor any other provision of the Act expressly provides a limitations period for a suit for declaratory judgment following an agency's summary refusal of a petition for declaratory order. Our Court of Appeals has recognized that "when a petition for declaratory judgment seeks the same relief that is otherwise available in another statutory proceeding, then the filing of the declaratory judgment is governed by the statute of limitations governing that statutory proceeding." *Newsome v. White,* No. M2001–03014–COA–R3–CV, 2003 WL 22994288, at *4 (Tenn.Ct.App. Dec.22, 2003) (citing *Dehoff v. Attorney General,* 564 S.W.2d 361, 363 (Tenn.1978)). In this case, however, Hughley is not seeking the same relief that is otherwise available in another statutory proceeding. As noted by our Court of Criminal Appeals, "[t]he validity of any sentence reduction credits *must* be addressed through the avenues of the Uniform Administrative Procedures Act." *Carroll v. Raney,* 868 S.W.2d 721, 723 (Tenn. Crim.App.1993) (emphasis added). Accordingly, Hughley's complaint is covered by Tennessee's general ten-year statute of limitations. *See* Tenn.Code Ann. § 28–3–110 (2000) ("The following actions shall be commenced within ten (10) years after the cause of action accrued: ... (3) All other cases not expressly provided for."). Hughley's cause of action accrued no earlier than February 5, 2003, the date of TDOC's letter to him denying his petition for declaratory order. Hughley filed his suit for declaratory judgment on July 22, 2003, well within the ten-year limitations period. Accordingly, Hughley's suit for declaratory judgment was timely, and the trial court erred in dismissing it as time-barred.

## CONCLUSION

■ Where an agency declines to convene a contested case hearing in response to a petition for declaratory order made pursuant to Tennessee Code Annotated section 4–5–223 and issues only a letter of denial, a petitioner has ten years in which to file a suit for declaratory judgment pursuant to Tennessee Code Annotated section 4–5–225. In this case, Hughley filed his complaint for declaratory judgment in a timely manner. Accordingly, we reverse the judgment of the Court of Appeals and remand this matter to the trial court for further proceedings consistent with this ·opinion.

The costs of this appeal are taxed to the State of Tennessee, for which execution may issue if necessary.