IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 19, 2019 Session

**LESLIE K. JONES v. ANDY L. ALLMAN**

**Appeal from the Circuit Court for Davidson County**
**No. 15C2922            Robert E. Lee Davies, Senior Judge**
————————————————————

**No. M2018-00899-COA-R3-CV**
————————————————————

The trial court granted the defendant's motion for summary judgment with regard to the plaintiff's claim of legal malpractice. Upon the plaintiff's motion to alter or amend the judgment, the trial court denied the motion. The plaintiff has appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

August C. Winter, Brentwood, Tennessee, for the appellant, Leslie K. Jones.

Paul Jordan Scott and R. Dale Bay, Nashville, Tennessee, and Janet Strevel Hayes, Knoxville, Tennessee, for the appellee, Andy L. Allman.

**OPINION**

I. Factual and Procedural Background

The plaintiff, Leslie K. Jones, was hired by Tennessee State University ("TSU") in 1999 as a campus security officer. When Mr. Jones began his employment with TSU, he was asked to sign a document entitled, "Notice of Appointment and Agreement of Employment." During the ensuing years, the agreement was amended from time to time to reflect salary increases. Despite the existence of such agreements, TSU considered Mr. Jones to be an at-will employee because the employment agreements did not contain a definite term of employment. In pertinent part, TSU's personnel policy states that "all

employees are terminable at will unless otherwise specified in writing as a prescribed employment term."

On March 1, 2012, TSU provided notice to Mr. Jones that his employment with TSU would be terminated as of March 15, 2012, "under the terms of [Mr. Jones's] contract." Mr. Jones received a letter from the Vice President for Student Affairs at TSU, explaining that he had "lost confidence in [Mr. Jones] to adequately perform the duties to which [he had] been assigned." The record reflects that Mr. Jones's termination followed an incident wherein he was reprimanded for issuing an emergency alert, allegedly without justification. Following his receipt of the termination letter, Mr. Jones submitted a document captioned, "Employee Complaint/Grievance" to TSU on March 12, 2012.

On May 25, 2012, TSU's Director of Human Resources sent a letter to Mr. Jones, denying Mr. Jones's request for a grievance hearing. The correspondence further stated that Mr. Jones could not proceed with the grievance process because he had been terminated in accordance with the terms of his contract rather than demoted or fired for cause.

On December 18, 2012, Mr. Jones retained attorney Andy Allman to assist him with this matter. Mr. Jones and Mr. Allman met at least three times. Also, Mr. Allman purportedly submitted an Equal Employment Opportunity Commission ("EEOC") charge on Mr. Jones's behalf, ultimately receiving a right-to-sue letter from the EEOC. No further action was taken by Mr. Allman on Mr. Jones's behalf before Mr. Allman terminated his representation of Mr. Jones in August 2014 and refunded Mr. Jones's retainer.

Mr. Jones filed a complaint in the Davidson County Circuit Court ("trial court") on August 3, 2015, against Mr. Allman, averring that although he had retained Mr. Allman to represent him concerning the employment grievance, Mr. Allman had failed to adequately represent him. Mr. Jones asserted that he wished to regain employment with TSU, receive back pay, and secure restoration of his benefits. Regarding legal representation, Mr. Jones claimed that Mr. Allman stopped responding to inquiries shortly after Mr. Jones retained the attorney. According to Mr. Jones, Mr. Allman later informed him that the representation could not continue even though Mr. Allman had not pursued Mr. Jones's legal claims.

In response, Mr. Allman filed an answer, explaining that he terminated the attorney-client relationship with Mr. Jones after Mr. Jones's wife called Mr. Allman's office on more than one occasion and spoke in an inappropriate manner. Mr. Allman posited that he had complied with the applicable standard of care at all times and thus was not liable to Mr. Jones. In addition, Mr. Allman asserted several other affirmative defenses.

On August 16, 2016, Mr. Jones filed an amended complaint, alleging that Mr. Allman negligently failed to pursue Mr. Jones's claims under 42 United States Code § 1983. On June 5, 2017, Mr. Jones filed a second amended complaint, alleging that Mr. Allman had attempted to conceal his negligence by "creat[ing] letters after the fact that he never sent to" Mr. Jones. On November 7, 2017, Mr. Allman filed a motion for summary judgment based on Mr. Jones's 42 United States Code § 1983 claim. Mr. Jones later amended his complaint on December 21, 2017, abandoning the 42 United States Code § 1983 claim while averring that Mr. Allman had negligently failed to pursue remedies available to Mr. Jones under Tennessee's Uniform Administrative Procedures Act ("UAPA").

On January 8, 2018, Mr. Allman filed an amended motion for summary judgment. In this motion, Mr. Allman stated:

> Defendant Andy Allman is entitled to summary judgment. Plaintiff Leslie Jones claims that the Defendant committed legal malpractice by failing to petition for a declaratory order under Tenn. Code Ann. § 4-5-223 to obtain a grievance hearing on Jones's termination. But Jones cannot meet the essential elements of duty, causation, and injury for the following reasons:
>
> 1. The statute of limitations to petition for a declaratory order has not lapsed, so Jones could still seek the same relief today.
>
> 2. Declaratory relief is not coercive and could not have compelled TSU to hold a grievance hearing on Jones's termination.
>
> 3. Sovereign immunity would have barred the relief sought by Jones (reinstatement, backpay, and other damages) in any declaratory or grievance hearing.
>
> 4. Jones's theory of obtaining backpay and reinstatement by first petitioning for a declaratory order is unprecedented, and the defendant owes no duty to discover and pursue a method of recovery that has never been done before.
>
> 5. Jones's proof is insufficient to show that he would have prevailed if he had received a grievance hearing on the merits of his termination and Jones's theory

would require the jury to speculate as to TSU's position in the grievance hearing.

Accordingly, there are no genuine issues of material fact and defendant is entitled to a judgment as a matter of law under Tenn. R. Civ. P. 56 and Tenn. Code Ann. § 20-16-101.

Following a hearing, the trial court granted summary judgment in favor of Mr. Allman on January 24, 2018. In its Memorandum and Order, the trial court determined that the UAPA provided two methods by which the decisions of state administrative agencies could be reviewed: (1) a petition for a declaratory order pursuant to Tennessee Code Annotated § 4-5-223 and subsequent declaratory judgment proceeding pursuant to Tennessee Code Annotated § 4-5-225 or (2) judicial review of contested cases pursuant to Tennessee Code Annotated § 4-5-322. The court determined that by the time Mr. Jones contacted Mr. Allman, his ability to request judicial review based on Tennessee Code Annotated § 4-5-322 had expired. Therefore, the only option remaining to Mr. Jones was to petition for a declaratory order pursuant to Tennessee Code Annotated § 4-5-223, which right the trial court found still existed.

The trial court determined that although Mr. Jones had not suffered the loss of his right to seek a declaratory order due to Mr. Allman's actions, he had suffered an injury due to delay and the subsequent loss of use of an award of monetary damages if such damages could potentially be recovered. In analyzing this question, the court found that although Mr. Jones did have a right to a grievance hearing pursuant to Tennessee Code Annotated § 49-8-117, the chancery court did not maintain authority to issue a declaratory judgment requiring a hearing pursuant to Tennessee Code Annotated § 4-5-225. In support, the trial court stated that "[n]owhere in Section 4-5-225 is the Chancery Court provided with authority to compel the parties to take any affirmative action." The court further found that because Mr. Jones was barred from requesting judicial review, "the Chancery Court has no jurisdiction to reverse an adverse decision from the agency denying a request for reinstatement and back pay." The trial court therefore granted the motion for summary judgment and dismissed Mr. Jones's complaint with prejudice, concluding that Mr. Jones could not prove that he had been injured by Mr. Allman's actions.

On February 21, 2018, Mr. Jones filed a motion to alter or amend the judgment, asserting that the trial court had misconstrued the pertinent provisions of the UAPA in a way that was contrary to our Supreme Court's ruling in *Hughley v. State*, 208 S.W.3d 388, 393 (Tenn. 2006).[1] The trial court denied the motion to alter or amend in an order entered on April 23, 2018. Mr. Jones timely appealed.

---

[1] In *Hughley*, the plaintiff had filed a petition for a declaratory order with the Tennessee Department of Correction and had received a responsive letter denying a hearing or issuance of an order. *See Hughley*,

## II. Issues Presented

Mr. Jones presents the following issue for our review, which we have restated slightly:

1.  Whether the trial court erred by determining that TSU's May 2012 letter, which refused to allow Mr. Jones to grieve his dismissal, constituted a final order such that Mr. Jones had no remaining administrative remedies by the time he hired Mr. Allman to "get his job back."

Mr. Allman raises the following additional issues, which we have also restated slightly:

2.  Whether the trial court properly granted summary judgment in favor of Mr. Allman because Mr. Jones did not establish duty, causation, and injury.

3.  Whether the trial court erred by applying the statute of limitations applicable to Tennessee Code Annotated § 4-5-322 and, if so, whether such error was harmless.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather,

---

208 S.W.3d at 390. The *Hughley* Court addressed the resulting interplay between Tennessee Code Annotated § 4-5-322, which allows aggrieved parties sixty days to seek judicial review of an agency's final order in a contested case, and Tennessee Code Annotated § 4-5-225, which sets forth the procedure "for seeking a judicial determination of the claims made in a petition for declaratory order after the agency refuses . . . to issue the requested order." *See id.* at 394. *Hughley*'s applicability will be addressed in a subsequent section of this Opinion.

Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S.Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65. Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

IV. Legal Malpractice and UAPA Claims

Mr. Jones asserts that the trial court erred in its grant of summary judgment in favor of Mr. Allman based on the court's determination that "[Mr.] Jones had no remaining administrative remedies by the time he hired" Mr. Allman. We note, however, that the trial court's actual ruling was that Mr. Jones maintained the right to file a petition for a declaratory order pursuant to Tennessee Code Annotated § 4-5-223, although the

- 6 -

trial court determined that by filing such a petition and a subsequent declaratory judgment action, Mr. Jones would not receive the relief he sought.

Inasmuch as the gravamen of Mr. Jones's complaint was that Mr. Allman had committed legal malpractice during his representation of Mr. Jones, we must review the trial court's grant of summary judgment within the framework of a legal malpractice claim. To establish a *prima facie* cause of action for legal malpractice, the plaintiff has the burden of proving each of the following elements: (1) a duty owed by the lawyer; (2) breach of that duty; (3) damages suffered by the plaintiff; (4) the attorney's breach as the cause in fact of those damages; and (5) the attorney's breach as the proximate, or legal, cause of the plaintiff's damages. *See Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001). The issues at the heart of this case, therefore, are whether Mr. Allman breached his duty to Mr. Jones and if so, whether that breach caused Mr. Jones to suffer damages.

A plaintiff can show breach of the duty owed by an attorney by demonstrating that "the attorney's conduct fell below that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys practicing in the same jurisdiction." *See Sanjines v. Ortwein and Assocs., P.C.,* 984 S.W.2d 907, 910 (Tenn. 1998). Furthermore, with reference to legal malpractice, a plaintiff has been determined to have suffered damages or injury as the result of "the loss of a legal right, remedy or interest, or the imposition of a liability." *See Parnell v. Ivy*, 158 S.W.3d 924, 927 (Tenn. Ct. App. 2004) (quoting *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998)). "An actual injury may also take the form of the plaintiff being forced to take some action or otherwise suffer 'some actual inconvenience,' such as incurring an expense, as a result of the defendant's negligent or wrongful act." *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998) (quoting *State v. McClellan*, 85 S.W. 267, 270 (Tenn. 1905)). This Court has previously explained that "the mere possibility or probability of injury . . . is not enough for a cause of action for legal malpractice to accrue." *Caledonia Leasing & Equip. Co., Inc. v. Armstrong, Allen, Braden, Goodman, McBride & Prewitt*, 865 S.W.2d 10, 17 (Tenn. Ct. App. 1992). "In order to prove damages in a legal malpractice action, a plaintiff must prove that he would have obtained relief in the underlying lawsuit, but for the attorney's malpractice." *Shearon v. Seaman*, 198 S.W.3d 209, 214 (Tenn. Ct. App. 2005). The plaintiff must also demonstrate a causal connection between the attorney's negligence and the plaintiff's injury. *See Lazy Seven Coal Sales, Inc. v. Stone & Hinds, P.C.,* 813 S.W.2d 400, 407 (Tenn. 1991).

In the case at bar, Mr. Jones alleged that he was injured and suffered damages due to Mr. Allman's breach of duty. Mr. Jones retained Mr. Allman to represent him in taking action against TSU in order to obtain employment reinstatement and recover damages, which Mr. Jones hoped would include back pay and full restoration of benefits. Mr. Jones asserted that Mr. Allman was negligent by failing to pursue Mr. Jones's claims against TSU. In his third amended complaint, which is the operative complaint herein,

Mr. Jones specifically alleged that "[i]nstead of petitioning TSU for a contested case hearing pursuant to statute, and then seeking a declaratory judgment as to the validity of a refusal in Davidson County Chancery Court under the Uniform Administrative Procedures Act, if necessary, Allman ceased responding to Mr. Jones's inquiries regarding the progress of his case and failed to take any affirmative action on his client's behalf."

In granting summary judgment in favor of Mr. Allman, the trial court concluded that the UAPA provides two methods by which the decisions of state administrative agencies may be reviewed: (1) a petition for a declaratory order pursuant to Tennessee Code Annotated § 4-5-223 and subsequent declaratory judgment proceeding pursuant to Tennessee Code Annotated § 4-5-225 or (2) judicial review of contested cases pursuant to Tennessee Code Annotated § 4-5-322.[2] Determining that by the time Mr. Jones contacted Mr. Allman, his ability to request judicial review based on Tennessee Code Annotated § 4-5-322 was time barred, the trial court found that the only option remaining for Mr. Jones was to file a petition for declaratory order pursuant to Tennessee Code Annotated § 4-5-223.

In order to determine whether the trial court's ruling in this regard was correct, we must examine the applicable provisions of the UAPA. As the trial court correctly noted, the UAPA provides two potential methods by which administrative decisions may be reviewed. *See Morris v. Corr. Enters. of Tenn.*, No. 01-A-01-9612-CH-00543, 1997 WL 671988, at \*3 (Tenn. Ct. App. Oct. 29, 1997). The UAPA provides an aggrieved person with one avenue of review for administrative decisions via Tennessee Code Annotated § 4-5-223 (2015), which states in relevant part:

---

[2] The parties agree that the UAPA is applicable in this matter. Pursuant to Tennessee Code Annotated § 49-8-117(a), state educational institutions are required to provide grievance procedures for support staff employees who are terminated "for cause," including a hearing "covered under the [UAPA]." This Court has previously determined that an employee is terminated "for cause" if the employee's termination is based on a job-related ground, as it was in this case. *See Lawrence v. Rawlins*, No. M1997-00223-COA-R3-CV, 2001 WL 76266, at \*5 (Tenn. Ct. App. Jan. 30, 2001). This Court further determined that employees who disagreed with an agency's final decision could seek judicial review pursuant to Tennessee Code Annotated § 4-5-322 of the UAPA. *Id*. at \*7. Other decisions of this Court affirm that persons whose rights are impaired by an agency rule or order may petition the agency for a declaratory order in accordance with Tennessee Code Annotated § 4-5-223. *See, e.g.*, *Calfee v. Tenn. Dep't of Transp.*, No. M2016-01902-COA-R3-CV, 2017 WL 2954687, at \*4 (Tenn. Ct. App. July 11, 2017).

(a)     Any affected person may <u>petition an agency for a declaratory order</u> as to the validity or applicability of a statute, rule or order within the primary jurisdiction of the agency.  The agency shall:

    (1)     Convene a contested case hearing pursuant to this chapter and issue a declaratory order, which shall be subject to review in the chancery court of Davidson County, unless otherwise specifically provided by statute, in the manner provided for the review of decisions in contested cases; or

    (2)     Refuse to issue a declaratory order, in which event the person petitioning the agency for a declaratory order may apply for a declaratory judgment as provided in § 4-5-225.[3]

    * * *

(c)     If an agency has not set a petition for a declaratory order for a contested case hearing within sixty (60) days after receipt of the petition, the agency shall be deemed to have denied the petition and to have refused to issue a declaratory order.

(Emphasis added.)

The UAPA provides an aggrieved person with a second avenue for review of administrative decisions via Tennessee Code Annotated § 4-5-322(a)(1) (2015), which provides:

(a)(1) A person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review.  A preliminary, procedural or intermediate agency action or ruling is immediately reviewable if

---

[3] Tennessee Code Annotated § 4-5-225 (2015) provides in pertinent part:

    (b)     A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order.

    (c)     In passing on the legal validity of a rule or order, the court shall declare the rule or order invalid only if it finds that it violates constitutional provisions, exceeds the statutory authority of the agency, was adopted without compliance with the rulemaking procedures provided for in this chapter or otherwise violates state or federal law.

> review of the final agency decision would not provide an adequate
> remedy.

Tennessee Code Annotated § 4-5-322(b)(1)(A) specifies a sixty-day statute of limitations within which an aggrieved person may seek judicial review of the agency's "final order." Tennessee Code Annotated § 4-5-223 provides no such time limitation for filing a petition for declaratory order.

The trial court determined that by the time Mr. Jones contacted Mr. Allman, his ability to seek judicial review of TSU's decision pursuant to Tennessee Code Annotated § 4-5-322(a)(1) had been foreclosed due to expiration of the sixty-day statute of limitations. Mr. Jones argues that the letter from TSU declining to hold a contested case hearing is not equivalent to a final decision based on our Supreme Court's ruling in *Hughley* and therefore was insufficient to trigger the running of the sixty-day statute of limitations in Tennessee Code Annotated § 4-5-322. *See Hughley*, 208 S.W.3d at 394 ("[a] letter of denial, even if it contains the reasons for the summary refusal, cannot . . . equate to a final decision arising from a contested case hearing.").

We determine that this issue is irrelevant to this appeal, however, because Mr. Jones has never asserted that Mr. Allman was negligent by failing to seek judicial review, pursuant to Tennessee Code Annotated § 4-5-322, of TSU's letter denying a grievance proceeding. Mr. Jones did not make such an allegation in his operative complaint, and he presented no expert proof demonstrating that Mr. Allman should have sought such review. Furthermore, Mr. Jones conceded in his reply brief that he "has not and does not suggest that Allman was negligent by failing to timely file a T.C.A. § 4-5-322 action for Mr. Jones in Davidson County Chancery Court." As such, we decline to address the availability of judicial review pursuant to Tennessee Code Annotated § 4-5-322 concerning TSU's letter denying a grievance proceeding in this matter, determining that any such issue has been waived. Instead, we find the determinative issue on appeal to be whether Mr. Allman's failure to file a petition for a declaratory order pursuant to Tennessee Code Annotated § 4-5-223 caused Mr. Jones to suffer damages. We note that such a petition would have triggered the possible responses of either (1) convening a contested case hearing and issuing a declaratory order, which would be subject to judicial review in the Chancery Court of Davidson County, or (2) refusing to issue a declaratory order or simply doing nothing, either of which would entitle Mr. Jones to apply for a declaratory judgment as provided in Tennessee Code Annotated § 4-5-225. *See* Tenn. Code Ann. § 4-5-223; *Hughley,* 208 S.W.3d at 391; *John Kohl*, 977 S.W.2d at 532.

Concerning this issue, the trial court found that Mr. Jones still maintained the ability to petition for a declaratory order pursuant to Tennessee Code Annotated § 4-5-223 and thus had "the same remedy available to him that he had at the time he retained Mr. Allman." The trial court further found that if Mr. Jones could have utilized "the declaratory order scheme provided in Tenn. Code Ann. § 4-5-223 coupled with the ability

to seek a declaratory judgment pursuant to Tenn. Code Ann. § 4-5-225 to recover reinstatement and back pay, then [Mr. Jones] has suffered an actual injury due to delay and the subsequent loss of the use of an award of money damages." The court ultimately determined that Mr. Jones could not have prevailed in obtaining such relief via a petition for declaratory order followed by a declaratory judgment action because "the Chancery Court has no jurisdiction to reverse an adverse decision from the agency denying a request for reinstatement and back pay." The court thus found that "there are no damages which the Chancery Court could award [Mr. Jones] in a declaratory judgment action pursuant to Section 4-5-225." We will address the propriety of each of these findings in turn.

With regard to the time limit applicable to petitioning for a declaratory order, the trial court relied upon the testimony of Mr. Jones's expert witness in determining that there was no applicable statute of limitations contained within Tennessee Code Annotated § 4-5-223. As quoted in pertinent part above, we agree that Tennessee Code Annotated § 4-5-223 makes no reference to a time limitation for petitioning an agency for a declaratory order. Notably, neither party has taken issue with the trial court's finding that Mr. Jones's pursuit of this avenue of relief was not time barred.[4] Because this avenue for relief still exists, Mr. Jones has not demonstrated that he was damaged by Mr. Allman's failure to pursue this remedy before discontinuing his representation of Mr. Jones because Mr. Jones ultimately did not suffer "the loss of a legal right, remedy or interest, or the imposition of a liability." *See John Kohl*, 977 S.W.2d at 532.

Mr. Jones argues, however, that his alleged injury sustained in this matter is actually the result of Mr. Allman's <u>delay</u> in filing a petition for declaratory order under Tennessee Code Annotated § 4-5-223. According to Mr. Jones, Mr. Allman's delay in filing has caused Mr. Jones to sustain a loss of income and benefits, including health insurance. Mr. Jones relies upon the trial court's finding that if Mr. Jones could have utilized "the declaratory order scheme provided in Tenn. Code Ann. § 4-5-223 coupled with the ability to seek a declaratory judgment pursuant to Tenn. Code Ann. § 4-5-225 to recover reinstatement and back pay, then [Mr. Jones] has suffered an actual injury due to delay and the subsequent loss of the use of an award of money damages." The trial court ultimately determined, however, that Mr. Jones could not have prevailed in obtaining such relief via a petition for declaratory order followed by a declaratory judgment action and thus found that "there are no damages which the Chancery Court could award [Mr. Jones] in a declaratory judgment action pursuant to Section 4-5-225." We disagree with the trial court's reasoning on two points.

---

[4] Tennessee Code Annotated § 4-5-225 similarly fails to expressly provide a limitation period for the filing of a declaratory judgment action. *See Hughley,* 208 S.W.3d at 395. Therefore, the *Hughley* Court determined that Tennessee's general ten-year statute of limitations, codified at Tennessee Code Annotated § 28-3-110 (2017), would be applicable to declaratory judgment actions filed pursuant to Tennessee Code Annotated § 4-5-225. *See id.*

First, the trial court cited no authority for its determination that a <u>delay</u> in recovery of reinstatement and back pay would cause additional damage or injury to a plaintiff. In fact, precedent from this Court suggests the opposite. In *Sasser v. Averitt Exp., Inc.*, 839 S.W.2d 422, 432 (Tenn. Ct. App. 1992), this Court recognized that "a discharged employee can be made whole through an award of back pay and either reinstatement or, in certain circumstances, front pay." *See also Hoback v. City of Chattanooga*, 492 S.W.3d 248, 259 (Tenn. Ct. App. 2015). Our Supreme Court has defined "back pay" as "the amount [the discharged employee] would have earned during the period between the discharge and the trial." *See Coffey v. Fayette Tubular Products*, 929 S.W.2d 326, 331 (Tenn. 1996); *see also Goree v. United Parcel Serv., Inc.*, 490 S.W.3d 413, 446 (Tenn. Ct. App. 2015) (utilizing the same definition of back pay). As such, an award of back pay would cover the entire period of lost income whether the claim was filed during Mr. Allman's representation of Mr. Jones or after. Because Mr. Jones still maintains the ability to seek a declaratory order and because he could still be made whole by the above-mentioned remedies, we conclude that Mr. Jones has suffered no damages due to delay.

Second, the trial court erroneously speculated that the filing of a petition for declaratory order followed by a declaratory judgment action in the Davidson County Chancery Court would have been futile. The trial court reasoned that "the Chancery Court has no jurisdiction to reverse an adverse decision from the agency denying a request for reinstatement and back pay." This analysis begs the question, however, because there is no proof that the administrative decision would be adverse if a petition for declaratory order were filed by Mr. Jones. Neither this Court nor the trial court can definitively determine what action the agency would take if Mr. Jones filed a petition for a declaratory order pursuant to Tennessee Code Annotated § 4-5-223. Moreover, the agency's response to Mr. Jones's petition for a declaratory order would determine whether Mr. Jones chose to then pursue one of the two options provided in Tennessee Code Annotated § 4-5-223 or do nothing. For these reasons, the trial court erred in conclusively determining that Mr. Jones's filing of a petition for a declaratory order pursuant to Tennessee Code Annotated § 4-5-223 ultimately would be unsuccessful.

Mr. Jones also contends that he was injured when he was forced to take a further action and suffered "some actual inconvenience" by incurring an expense as a result of Mr. Allman's wrongful act. According to Mr. Jones, Mr. Allman's failure to take action concerning his loss of employment caused Mr. Jones to retain an attorney to sue Mr. Allman for malpractice and suffer the costs associated therewith.

Our review of relevant precedent concerning damages has revealed no authority that would permit Mr. Jones to recover such "delay" damages. *See, e.g., John Kohl*, 977 S.W.2d at 534 ("Tennessee courts have long adhered to the American rule, concluding that an award of attorney's fees as part of the prevailing party's damages is contrary to public policy. . . . We are not persuaded that legal malpractice claims should be made an

exception to the rule."). As previously explained, Mr. Jones had the same remedy available after Mr. Allman terminated the professional relationship as he did when Mr. Allman was Mr. Jones's lawyer. Mr. Jones's decision to retain an attorney to institute a malpractice action against Mr. Allman, rather than filing a petition for a declaratory order under Tennessee Code Annotated § 4-5-223, did not alter the fact that his remedy under the UAPA remained the same. Furthermore, the choice to file a legal malpractice action was voluntary and not an action he was "forced" to pursue. Therefore, Mr. Jones has not suffered any legally cognizable injury.

In the absence of proof of injury, Mr. Jones cannot establish a *prima facie* cause of action for legal malpractice. *See Gibson*, 58 S.W.3d at 108. We therefore conclude that summary judgment was properly granted in favor of Mr. Allman as a matter of law. We further conclude that although the trial court erroneously determined that the filing of a petition for declaratory order followed by a declaratory judgment action in the Davidson County Chancery Court necessarily would have been futile, such error was harmless. *See Hopkins v. Hopkins*, 572 S.W.2d 639, 641 (Tenn. 1978) ("Suffice it to say that this Court will affirm a decree of the trial court correct in result, though rendered upon different, incomplete or erroneous grounds."); *Lewis v. NewsChannel 5 Network, L.P.*, 238 S.W.3d 270, 303 n.31 (Tenn. Ct. App. 2007) ("The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result.").

## V. Conclusion

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Mr. Allman. Costs on appeal are taxed to the appellant, Leslie K. Jones. We remand this matter to the trial court for collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE